## DuPEROW *v.* GROOMES.

REAL ESTATE BROKERS; EVIDENCE; MEMORANDUM.

1. A memorandum consisting of the description and price of a parcel of land, made upon a letter head of the owner by a broker alleged to have been authorized to sell the same, is not admissible in evidence in favor of the broker in an action by him to recover commissions, when not used nor necessary to be used to refresh his memory.  (Citing *Gurley* v. *MacLennan,* 17 App. D. C. 170; *Sechrist* v. *Atkinson,* 31 App. D. C. 1, and *Rudd* v. *Buxton,* 41 App. D. C. 353.)

2. A broker suing for commissions for effecting a sale of land has the burden of proving that he was employed to make the sale or find a purchaser, and that he was the procuring cause of the sale made.  (Citing *Moore & Hill* v. *Breuninger,* 34 App. D. C. 86.)

3. A real estate broker who, having been employed to sell land, finds a purchaser and brings him and the owner together, cannot be deprived of his right to commissions by the owner concluding the sale himself.  (Citing *Bryan* v. *Abert,* 3 App. D. C. 180; *Sechrist* v. *Atkinson,* 31 App. D. C. 1, and *Moore* v. *Breuninger, supra.*

4. A real estate broker authorized to sell land by the owner is not entitled
    to commission, where, after finding a possible purchaser, he fails to
    bring him and the owner together, and abandons his effort to do so
    before they get together and make a deal.

No. 2647.   Submitted April 8, 1914.   Decided May 4, 1914.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia, on verdict, in
an action to recover a broker's commission.        *Reversed.*

The COURT in the opinion stated the facts as follows:

This action was begun by Leonard W. Groomes, plaintiff, in
the municipal court, to recover of defendant, Mortimer Du-
Perow, the sum of $152.22 as commission due on the sale of a
lot.

Plaintiff recovering judgment in the municipal court, the
defendant appealed to the supreme court of the District, where
judgment was again rendered for the plaintiff.

The evidence on behalf of the plaintiff tends to show that
he was a real estate broker; that he called at defendant's office
respecting another matter, and while there defendant told him
he owned a lot on Sixteenth street which he authorized plaintiff
to find a purchaser for at $2 per foot, promising to pay him a
commission. The customary commission on such sales is 3 per
cent. This was about the middle of July, 1912. Plaintiff
erected his sign upon the lot later; there was another one there-
on at the time. Early in November, plaintiff described the lot
to one Jansen, told him the price and offered it to him. Did
not tell Jansen the name of the owner. Jansen took a mem-
orandum of the lot and said that he would look at it. Had two
conversations with Jansen, but did not inform defendant of his
negotiations.

Plaintiff's salesman offered to take Jansen to see the lot No-
vember 18, 1912, who declined, saying that he knew the
neighborhood and would stop and see it. Later, Jansen said
he had given up interest in the lot. Jansen was not again seen.

Plaintiff heard that on January 7, 1913, the lot had been conveyed to Jansen. Defendant told him that the sale had been made for $2 per foot.

Defendant's testimony tended to show that he had never authorized plaintiff to sell the lot, or to put a sign upon it. Did not know that his sign had been put upon it. Had authorized no one to erect a sign on the lot. He had had offers for it and was holding it for $2 per foot.

Jansen testified that the lot first came under his observation in April or May, 1912; saw it again in June; there were then no signs upon it. In October he saw the sign of Boss & Phelps upon it. Later he saw plaintiff's sign upon it. About the 1st of November he saw plaintiff about the lot. Plaintiff opened a plat book and showed him its location. Asked plaintiff the price and was told it was $2 per foot. Plaintiff did not offer to show him the lot, and never thereafter endeavored to interest him. He discovered at the Surveyor's office that defendant owned the lot. Called on him and was told that he had no agent, and would not take less than $2 per foot. Concluded the purchase with defendant and received his deed January 7, 1913.

In testifying, plaintiff had said that in defendant's office he had procured a letter head of the latter from him or his bookkeeper, and had made a memorandum of the lot. This was offered then and excluded.

In rebuttal plaintiff offered this memorandum in evidence. It was objected to, but the objection was overruled, with exception, and the memorandum read to the jury. It is as follows: "On west side 16th above Irving. Price $2 foot. Cash. 40 x 69 equals 2,520 or 30 feet."

*Mr. Joseph W. Cox* and *Mr. Joseph T. Sherier* for the appellant.

*Mr. Joseph D. Sullivan* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. It was error to permit this memorandum to be offered in evidence. It was not used, nor was it necessary to be used, by plaintiff to refresh his memory. *Gurley* v. *MacLennan,* 17 App. D. C. 170, 179; *Sechrist* v. *Atkinson,* 31 App. D. C. 1, 5; *Rudd* v. *Buxton,* 41 App. D. C. 353.

2. It is unimportant to consider the other assignments of error relating to exceptions to evidence and to instructions given and refused.

The burden was upon the plaintiff to establish his case.

It was necessary to show that he had been employed to sell, or find a purchaser for, the lot, and that he was the procuring cause of the sale to such person. *Moore & Hill* v. *Breuninger,* 34 App. D. C. 86, 91. If plaintiff was employed to sell the lot, found a purchaser, and brought him and the owner together, the owner could not, by concluding the sale himself, defeat the right of plaintiff to his commission. *Bryan* v. *Abert,* 3 App. D. C. 180, 187; *Sechrist* v. *Atkinson,* 31 App. D. C. 1, 5; *Moore & Hill* v. *Breuninger,* supra.

So, on the other hand, if the plaintiff did not bring the defendant and Jansen together, but abandoned his effort to do so before they got together and made the purchase and sale, he would not be entitled to recover.

The judgment is reversed with costs, and a new trial ordered.

*Reversed.*