LEVERING v. PAOVA OIL CO. et al.

(Circuit Court of Appeals, Second Circuit. June 4, 1917.)

No. 205.

1. BROKERS ⊃8(1)—ACTIONS—COMPENSATION—BURDEN OF PROOF.
    Plaintiff, who claimed commissions as a broker in effecting a sale of oil and gas properties for defendants, has the burden of proving he was defendants' agent in the transaction, and that defendants agreed to pay him the amount claimed.

2. BROKERS ⊃88(2)—COMPENSATION—ACTIONS—EVIDENCE—SUFFICIENCY.
    In a suit in which plaintiff claimed commissions for effecting a sale of oil and gas properties for defendants, evidence *held* insufficient to carry the case to the jury, not showing plaintiff's employment or defendants' agreements to make payment.

In Error to the District Court of the United States for the Southern District of New York.

Action by Richard Levering against the Paova Oil Company and others. There was a judgment for defendants, the complaint being dismissed at close of plaintiff's evidence, and he brings error. Affirmed.

Clifford Seasongood, of New York City (Nelson L. Robinson, of New York City, of counsel), for plaintiff in error.

George L. Roberts, of Pittsburgh, Pa., and Cravath & Henderson, of New York City (Stuart McNamara, of New York City, of counsel), for defendants in error.

Before COXE, WARD, and HOUGH, Circuit Judges.

COXE, Circuit Judge. The plaintiff, who was employed by the vendees of certain oil and gas properties in Oklahoma, seeks to have the

court constitute him as agent also of the vendors. He demands a judgment against them for $35,000 as commissions. The defendants insist that the plaintiff never was their agent in negotiating the sale but always acted for the vendees. The terms of sale expressly provided that if the defendants would reduce the purchase price of the property from $850,000 to $700,000 they would not be required to pay commissions and that the $700,000 agreed upon as the purchase price was to be paid in full without deduction for commissions or charges in any form or manner. Notwithstanding this agreement the plaintiff seeks to compel the defendants, as before stated, to pay him a commission of $35,000 for alleged services rendered by him to the defendants who were the vendors of the said Oklahoma oil and gas properties. This property was sold to parties represented by M. S. Abrahams by the defendants on or about September 4, 1912, for $700,000.

[1, 2] It is manifest that the burden is upon the plaintiff to prove by a preponderance of evidence, first, that he was the defendants' agent in the transactions referred to; and, second, that the defendants agreed to pay him $35,000 for his services. Neither of these propositions is established. On the contrary, the proof shows that the plaintiff was Abrahams' agent in the negotiations, that the sale was to be for $700,-000 net and that the defendants should not be liable for any commissions based upon the sale. In other words, it was understood that there should be no deduction from this sum for commissions or for any other charges. That sum represented the lowest price the defendants would consent to receive. Judge Grubb states the situation concisely as follows:

"As I see it, the responsibility in this case is on the court, because on the plaintiff's own testimony he is not entitled to recover. Therefore I think it is a question for determination by the court and not for the jury. If there was a conflict of testimony, the jury would have had to determine, but there being no conflict in the testimony, taking all the testimony into consideration, the plaintiff has not made out a case. Therefore I dismiss the complaint."

We think this ruling was fully justified by the proof as there seems to be a total failure to prove a contract or obligation on the part of the defendants to pay the plaintiff anything. He was not employed by them and was under no obligation to act for them. The terms on which they agreed to sell were for $700,000 net. The proposition that this fund was to be depleted by commissions to the agent of the vendees is wholly unsupported by the proof. Abrahams and those with him distinctly agreed to pay expenses and commissions so that the defendants would receive the property for $700,000 without deductions for expenses or commissions. It seems to us that the testimony is barren of any proof that the plaintiff was agent of the defendants. He never asserted it during the time the negotiations were being carried on and never during that period, demanded any compensation from them. In fact, his position was hostile to the defendants' interests. He was endeavoring to get the defendants to reduce their price from $850,000 to $700,000 and it was only when he succeeded in getting the price reduced by $150,000 that the sale went through.

If the plaintiff had insisted that, in addition to the $150,000 reduction

in the price, the vendors should pay the commissions of the brokers employed by the vendees, the sale never would have gone through. It is too late now to change the terms of the agreement which made the sale possible.

The judgment is affirmed with costs.