**EGGLETON v. VAUGHN.**

No. 334.

Municipal Court of Appeals for the District of Columbia.

Jan. 18, 1946.

W. Cameron Burton, of Washington, D. C. (Thomas B. Heffelfinger, of Washington, D. C., on the brief), for appellant.

Harry Bonnett, of Washington, D. C. (Reuben Bonnett, of Washington, D. C., on the brief), for appellee.

Before CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Plaintiff, a real estate salesman, sued defendant, a real estate broker, for one-half of the commission collected by the broker on a sale made while plaintiff was employed in defendant's office. It was conceded that plaintiff first called the buyer's attention to the property in question but that final negotiations were conducted by defendant. Plaintiff contended that he was the procuring cause of the sale and consequently entitled to half of the commission. The main defense developed at the trial was that the plaintiff had been instructed by defendant not to negotiate a sale of the particular property and that plaintiff had no authority to show the property to the prospective buyer.

There was evidence tending to show that plaintiff's wife had previously signed a contract to purchase the property in question and had made a $500 deposit on account of it; that she did not wish to complete the contract and plaintiff was desirous that the property be sold to someone else in order that his wife could get back her deposit; that previous to his employment by defendant he asked defendant to sell the property, stating that he only wished to get the deposit back and did not wish to participate in any commission on the sale; that defendant had instructed the plaintiff not to negotiate a sale for the property; that defendant on one occasion instructed the plaintiff to show a customer two other houses and plaintiff after showing one of the houses took the customer to the property in question; that when defendant learned this he reprimanded plaintiff and plaintiff stated that he wanted no part of the commission; and that thereafter defendant negotiated the sale and collected the commission, and by reason of the sale plaintiff's wife was able to recover her $500 deposit.

Much of the foregoing evidence was disputed, thereby raising questions of fact for determination by the trial court who heard the case without a jury.

At the close of all the testimony defendant requested the trial court to make cer-

tain rulings of law, the first three of which were:

"1. To entitle plaintiff to recover it is necessary that there be a contract between him and defendant to pay the former a commission and it must include the sale in question.

"2. If the plaintiff was the procuring cause of the sale, he is not entitled to a commission in the absence of a contract embracing the property sold.

"3. If plaintiff was directed by defendant not to sell 1829 Lamont Street, he is not entitled to a commission." ·

The court denied these rulings, and made a general finding in plaintiff's favor.

■ We think the requested rulings correctly stated applicable principles of law and that it was error for the court to deny them. In Zis v. Herman, D.C.Mun. App., 39 A.2d 65, 66, 67, this court said:

"We think it is proper in a case tried by the court sitting without a jury, for either party to request rulings on pertinent questions of law and that it is the duty of the court to rule upon such questions. In a case tried before a jury a party may obtain rulings on questions of law by presenting requested instructions to the jury, and we see no reason why in a case tried without a jury a party should not have the same right. If this were not so, the right of appeal in many cases would be useless, since ordinarily we can review only questions of law. The legal principles which guide the court in arriving at a decision on the issues of fact involve important rights of litigants. They are entitled to have the court declare such principles upon request in order that on appeal it may be determined whether the court was guided by correct principles of law. Ultimate findings of fact of a trial court, if reached 'upon an application of erroneous legal standards' are not binding upon the appellate court."

■ In the instant case the fault lies not in a refusal to make a ruling but in erroneously denying the validity of the propositions of law submitted. The three rulings quoted addressed themselves to the same question, and in effect requested the court to rule that if plaintiff had no authority to sell the property, either because his contract of employment did not include it or because he was specifically forbidden to sell it, he was not entitled to a commis-

sion. Since there was evidence tending to show that plaintiff had no authority to sell, the requested rulings were pertinent and should have been granted if they stated sound legal principles. We think they did. If no contract authorizing one to act as agent exists, he is not entitled to compensation for his efforts, because he is then a mere volunteer. Foley-Carter Ins. Co. v. Commonwealth Life Ins. Co., 5 Cir., 128 F. 2d 718; Levering v. Paova Oil Co., 2 Cir., 243 F. 553. One seeking to obtain compensation as an agent must prove his contract of employment before he can recover for work done for an alleged principal. The fact that one is the procuring cause of a sale does not entitle him to a commission unless he had authority to sell. Du-Perow v. Groomes, 42 App.D.C. 287; Bryan v. Abert, 3 App.D.C. 180; Powell v. Mulder, Tex.Civ.App., 228 S.W. 302.

Plaintiff substantially concedes both the soundness of the requested rulings and the existence of evidence tending to support them, for he says in his brief: "Had he (defendant) given the appellee (plaintiff) specific instructions not to sell or show her (the prospective buyer) premises 1829 Lamont Street, N. W., admittedly the appellee would have no place in this court. But the record discloses that concerning this very pregnant fact, there was considerable dispute."

■ From the trial court's denial of the requested rulings, pertinent to the facts and embodying correct principles of law, the conclusion follows that the court in finding for plaintiff ignored these applicable legal principles. In view of the general finding, with no special findings of fact or conclusions of law, no other conclusion can be logically reached.

We are not to be understood as holding that defendant's testimony established as a matter of fact a good defense. Questions of fact are for the trial court. We hold only that there was evidence tending to establish the defense and that the trial court in determining questions of fact must recognize and be guided by correct and applicable principles of law. A court sitting without a jury acts in a two-fold capacity, performing the functions of both judge and jury. In such a case it is just as important that the court in approaching its fact finding function be guided by correct principles of law, as it is that in a jury case the jury be correctly instructed on the legal prin-

ciples which are to guide them in their deliberations.

Inasmuch as it appears to us that the real issue before the trial court was the question of authority to sell, we deem it unnecessary to discuss the other points of error assigned by the appellant.

Reversed with instructions to award a new trial.