Lois Cornell DAWSON, Appellant,

v.

Charles L. NORRIS, Appellee.

No. 1547.

Municipal Court of Appeals for the
District of Columbia.

Nov. 2, 1954.

Rehearing Denied Nov. 22, 1954.

Herman Miller, Washington, D. C., for appellant.

Robert T. Smith, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Norris sued Dawson for a real estate broker's commission. The property had been listed for sale with Norris by Dawson, agent and husband of the owner. The listing was non-exclusive, and Dawson also listed the property with several other brokers. After the agreement had been signed, Norris went to the property to put up his realtor's sign. As he was doing so, Williams, one of the owners of the business next door, walked over and spoke to him. Norris asked Williams if he was interested in buying the property. Williams replied that he was not. No further conversations or negotiations took place between Williams and Norris concerning Dawson's property. In the weeks following the listing of the property, Dawson, who had known Williams for several years, contacted him on numerous occasions concerning his purchasing the property, but Williams still said that he was not interested. Meanwhile, Norris had obtained a written offer of $18,500 from another prospective purchaser. This offer was in Dawson's possession when he went to see Wil-

liams in order to make a final attempt to sell him the property. Previous to this visit Dawson had arranged for a contractor to give Williams an estimate on repairing the roof. It was the expense of repairing the roof that had previously deterred Williams from considering the purchase. The contractor procured by Dawson estimated that he could repair the roof for $2,500. A previous estimate obtained by Williams was for twice that amount. When Williams learned that the roof could be repaired at a much lower cost, he purchased the building for $18,500. Dawson refused to pay Norris a commission on the sale, and this suit followed.

In a written opinion the trial court found that Norris was the procuring cause of the sale to Williams and therefore entitled to a commission. This ruling was based on a finding that Norris was the first person to submit the property to the ultimate purchaser, and also on a finding that the written offer secured by Norris had been used as a basis for obtaining the contract of purchase from Williams.

 In order for a broker to succeed in an action of this type, he must show that he was the procuring cause of the sale,[1] and that the sale was the direct and proximate result of his efforts and services.[2] His efforts need not be the sole cause of the sale, but they must be the predominating one. If the broker cannot show by a preponderance of the evidence that he was the real procurer of the sale, then his action must fail. While it is undisputed in this jurisdiction that procuring cause is ordinarily a question of fact,[3] the holding by a trial court on that question may be reversed if there is no substantial evidence in the record to support it.[4] We rule that there was no substantial evidence to support the trial court's decision in the present case.

Norris was found to be the procuring cause, first, because he initially interested Williams in the property, and, second, because it was the offer obtained by him from another prospect which persuaded Williams to purchase the property. The first finding, even if it were so, would not necessarily establish Norris as the procuring cause. It seems clear that Norris' brief conversation with Williams at the time he was putting up his sign would not, standing alone, make him the procuring cause. Norris merely asked Williams if he was interested in buying, and Williams replied that he was not. He did not show the property to Williams, or pursue the matter further, nor were any arrangements made for future discussions. Although Williams saw Norris' sign, he already knew the property was for sale, as he had been approached several months before by another broker representing Dawson.

As to the second finding, there is nothing in the record to show that the written offer obtained by Norris from another prospective purchaser had any effect on the sale. Both Dawson and Williams testified that this offer was never mentioned in their conversations, and Williams testified that it was the lower roofing repair estimate obtained by Dawson that persuaded him to purchase the property. The only evidence to support the court's finding is Norris' testimony that he saw the written offer in Dawson's coat pocket when Dawson was on his way to discuss the sale with Williams. Any possible inferences to be gained from such an observation are not substantial evidence within the meaning of that term.

██ Although it has been held in numerous cases,[5] that where a purchaser is first interested in property by a broker, that broker is the procuring cause even though

1. Hecht Co. v. Whiteford, 78 U.S.App.D.C. 134, 137 F.2d 929.

2. First National Realty Corp. v. Blackwell Realty Co., D.C.Mun.App., 77 A.2d 319.

3. Zellan v. Winston, D.C.Mun.App.1954, 108 A.2d 163; Webster v. Perper, D.C. Mun.App., 83 A.2d 433; Rieffer v. Hollingsworth, D.C.Mun.App., 52 A.2d 632.

4. First National Realty Corp. v. Blackwell Realty Co., supra.

5. Shoemaker v. Digges, 46 App.D.C. 206; DuPerow v. Groomes, 42 App.D.C. 287; Simms v. Booth, 42 App.D.C. 263; Clark v. Morris, 30 App.D.C. 553; Lady v. Realty Associates, Inc., D.C.Mun.App., 31 A.2d 875.

the purchaser completes his negotiations directly with the owner, those cases can be distinguished factually from the present one. Here the record does not show that the broker ever interested Williams in the property. Even if it could be said that Norris first interested Williams in the property as a prospective purchaser, his failure to communicate with him or attempt to further induce him in any way was a clear abandonment [6] of Williams as a purchaser.

Reversed.