E. W. THURM, Appellant,

v.

Nathan J. BOWMAN, Appellee.

No. 2135.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 3, 1958.

Decided April 28, 1958.

Herman Miller, Washington, D. C., for appellant.

Ruffin A. Brantley, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a judgment denying appellant, a broker, a commission on the sale of appellee's business. The following facts appear to have been established. Appellee listed his business for sale with the broker for a period of thirty days at a price of $16,000 net. The broker sent two or three people to look at the business but none were interested. Approximately nine months after the expiration of the listing the broker sent one Glodeck to see appellee. With no participation by the broker appellee and Glodeck entered into negotiations and eventually appellee sold to Glodeck for $14,000.

The disputed question of fact related to the circumstances under which the broker sent Glodeck to appellee. If the trial court accepted the broker's version it could have found that the broker's saleswoman called appellee and inquired if he was still interested in selling, saying they had a prospective purchaser; and that appellee replied he was interested and assented to the broker sending out the purchaser. On the other hand, if the trial court accepted appellee's version, and evidently it did, it could have found that when the saleswoman called appellee, he told her not to send anyone because his listing with the broker had long expired and he wished to have no further relations with the broker; and that he made it plain to her that if she sent anyone it was a voluntary act on her part for which he assumed no responsibility.

A broker has no right to thrust his unsought and unwanted services on another and then demand compensation therefor. Eggleton v. Vaughn, D.C.Mun.App., 45 A. 2d 362, and cases there cited. We find no error.

Affirmed.