Henrietta JORDAN, Appellant,

v.

John H. EILAND, Appellee.

No. 3142.

District of Columbia Court of Appeals.

Argued Dec. 17, 1962.

Decided Jan. 18, 1963.

Dale L. Button, Washington, D. C., for appellant.

James H. Myrick, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellee, a licensed real estate broker, sued appellant for a commission for services performed on her behalf in obtaining a loan on certain realty in the District of Columbia. From a judgment in his favor, this appeal followed.

Whether there was any contract, express or implied, between appellant and appellee broker to pay the latter a fee for services rendered on behalf of appellant in securing the loan is substantially the issue on appeal.

The record indicates that appellant desired to purchase the share of surviving heirs in certain real estate which was part of her late husband's estate. She discussed the matter with appellee who stated he could get the money for her. Thereafter he did perform certain services in this connection and a loan of an amount satisfactory to appellant was secured and used by her in connection with the settlement of the property. There is conflict of testimony on whether she engaged appellee and agreed to pay a 5% commission for his services. Appellant denied she employed him and that there was any discussion concerning the payment of a fee; appellee testified to the contrary. These issues were resolved in favor of appellee.

Although there was no written agreement of employment, there was evidence upon which the court could have based its finding that the broker had been engaged to secure the loan for appellant, that such loan was received through his efforts, and that they had agreed he would receive a fee of 5% of the amount of the loan.

No authority need be cited in support of the proposition that the court as

trier of the facts determines the credibility of witnesses and the weight to be accorded their testimony and its findings will not be disturbed unless clearly erroneous. Appellant would have us substitute our own views on the facts in dispute. This we cannot do. We hold that the record discloses sufficient evidence to sustantiate the findings and judgment.

Affirmed.