William Eugene BRANCH, Appellant,

v.

Vera L. BRANCH, Appellee.

No. 3157.

District of Columbia Court of Appeals.

Submitted Jan. 21, 1963.

Decided March 1, 1963.

Landon Gerald Dowdey and Norman H. Bartow, Washington, D. C., for appellant.

Carroll F. Tyler, Jr., Washington, D. C., entered an appearance for appellee, but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associates Judges.

MYERS, Associate Judge.

This is an appeal from a judgment in the Domestic Relations Branch directing appellant to pay $40 a week for his wife's support. The parties had been married about fourteen years when he deserted her. They have no children. The husband, a postal employee, has a net weekly income of about $77.50. His wife, a hospital employee, has a net weekly income of about $48.50 and claims that her expenses exceed her income by about $25.00. She asked for $35 a week

for her support, but at the start of the trial her attorney informed the court she would be willing to accept $50 a month. The trial judge found as a fact that the wife needed $40 a week and that the husband had sufficient income to pay that amount. Appellant contends these findings are not supported by the evidence.

From the record it is apparent that the trial court based the amount of the award on testimony by the wife that her husband made additional money by repairing TV sets at home.

"Q. Do you have any idea as to what the maximum sum he earns per month or that he has earned while the two of you were together? I mean including his TV work?

"A. He has done very well with TV, a hundred or hundred and fifty, or more, maybe two hundred. With television he has done very well, yes, sir, when we were together."

Her aunt testified that appellant asked for a loan of $2,000 and told her he could pay it back because he *could* make $200 a month by repairing television sets. (The loan was not made.) Appellant, on the other hand, testified that repairing television sets was a hobby; that he had contemplated going into this business but had never done so; and that he had never made over $50 a month repairing sets. At the conclusion of the hearing, the trial judge announced that he believed the wife's testimony that her husband made "a couple hundred dollars a month" from TV repairs and that this testimony had been corroborated by the aunt.

We recognize that the court sitting as trier of the facts determines the credibility of witnesses and the weight to be accorded their testimony.[1] It is not our duty to demonstrate the correctness of an issue of fact.[2] However, we may reverse where any finding is plainly wrong or with-

1. Cunningham v. Cunningham, D.C.Mun. App., 154 A.2d 124, 125.

2. Royal Home Equipment Co. v. Lucian, D.C.Mun.App., 158 A.2d 327, 328.

out substantial evidence to support it.[3] This is such a case.

■ The aunt's testimony respecting the husband's extra earnings has little, if any, corroborative value as it was not a statement of his current monthly income but what he *could* make each month. The wife's testimony on the same point was uncertain, speculative and merely an expression of her opinion. Aside from this scanty opinion evidence, there was no competent proof that the husband earned more than his regular government salary supplemented occasionally by remuneration from repairing TV sets which never exceeded $50 a month.

The question presented by this appeal is not one of credibility of witnesses but of sufficiency of competent proof to uphold the trial court's finding that the husband could actually afford to pay $40 a week from his current earnings toward the support of his wife. From a careful scrutiny of the record we hold there was no substantial evidence to support the trial court's award.

Reversed and remanded for a new trial.

3. Sullivan v. North American Accident·Insurance Co., D.C.Mun.App., 150 A.2d 467, 470; Dawson v. Norris, D.C.Mun.App., 108 A.2d 538, 539.