**UNITED SECURITIES CORPORATION, Appellant,**

v.

**Johnnie P. VERENE and Artha Verene, a/k/a Arnetho Verene, Appellees.**

No. 3243.

District of Columbia Court of Appeals.

Argued July 15, 1963.

Decided Aug. 22, 1963.

**430**

Bernard T. Levin, Washington, D. C., for appellant.

Herman J. D. Carter, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant sued appellees, husband and wife, for a balance due on a promissory note executed by them under a contract for the purchase of an automobile on time. In defense, appellees claimed payment in full.[1] Sitting without a jury, the trial judge found for appellees. This appeal ensued.

Appellant, engaged in the finance business, bought the conditional sale contract and note from Auto Discount Corporation. The contract indicated a total sales price of $1,745, less a cash payment of $450, leaving a net balance of $1,295, to which were added the cost of collision insurance for one year of $53, plus a finance charge of $630.20, making a "Total Time Sales Price" of $1,978.20, which was payable in 36 instalments of $54.95 each, as evidenced by the note.

Shortly after appellant acquired the contract and note, the original insurance was cancelled by the carrier. Appellant obtained coverage with another company and when that policy expired arranged for collision insurance for the balance of the contract period. Appellees were aware that under their contract the premium for twelve months of collision insurance was included as part of their charges, but they denied they had given appellant authorization to obtain additional insurance, that they knew coverage had been continued by appellant, and that they had received copies of the policies. Appellant's representative testified he had informed appellees about the replacement policy but not about the subsequent ones. Appellees assert they had instructed appellant to cancel the original policy of insurance as they had secured their own liability policy from another broker. They did not obtain other collision insurance.

Appellant's records revealed appelleees had made 36 payments totaling $1,920.55,

---

including certain delinquency charges for overdue payments. It sought to recover an additional $298.95, representing principally the amount due as a result of the premiums paid for the collision insurance kept in force during the term of the contract.

The trial judge ruled for appellees, finding that appellant had no express authority to obtain insurance beyond the first year provided for in the contract and had failed to carry the burden of proving that appellees owed a balance due for additional insurance premiums as shown by a running balance on their account.

Appellant's principal contention is that appellees had, by partial payment of extra premiums, consented to continuing the collision insurance in force and were estopped to assert appellant's lack of authority to obtain this coverage.

In this jurisdiction "the doctrine of estoppel is an equitable one," [2] and we have held that "unless only one inference can be drawn from the evidence, the existence of an estoppel is a question to be determined [by the trier of fact]." [3]

The record discloses substantial conflict in the evidence in respect to estoppel and other issues of fact, all of which were resolved in favor of appellees, and we lack authority to disturb the factual findings of the trial judge where, as here, there is competent evidence in the record to support them.[4]

Affirmed.

2. District of Columbia v. Chevrah Tifereth Israel, 108 U.S.App.D.C. 53, 55, 280 F.2d 61, 63; Parker v. Sager, 85 U.S. App.D.C. 4, 8, 174 F.2d 657, 661.

3. Hardison v. Shirlington Trust Company, D.C.Mun.App., 148 A.2d 88, 90.

4. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Branch v. Branch, D.C.App., 188 A.2d 346, 347; Jordan v. Eiland, D.C.App., 187 A.2d 324.