**Max BERGMAN, Appellant,**

v.

**GITELSON & NEFF ASSOCIATES, INC.,
a corporation, Appellee.**

**No. 5061.**

District of Columbia Court of Appeals.

Argued March 3, 1970.

Decided June 30, 1970.

---

Max Bergman, pro se.

Albert Ginsberg, Silver Spring, Md., with whom Joseph H. Schneider, and Herbert D. Horowitz, Silver Spring, Md., were on the brief, for appellee.

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a judgment for appellee (plaintiff) after a non-jury trial in a suit between two real estate brokers based upon tortious interference with contractual rights in connection with the sale of a house. Judgment was entered in the amount of the commission received by appellant from the sale.

Summarily stated, the facts are that appellee acquired a 30-day exclusive listing to sell the home of one Mrs. Sarah Schlossberg at a price between $35,000 and $37,000, with a down payment of $5,000. The home was located in the Walter Reed area of Washington, on upper Thirteenth Street. As the result of advertising, a Mrs. Mills contacted appellee and was shown the house. She liked "everything" about it, though neither she nor her husband thought the price was right. The salesman for appellee had "25 or 35" telephone conversations with Mr. Mills concerning purchase of the house but failed to bring about agreement on the price.

By the terms of appellee's exclusive listing, it became a general listing after the 30-day period had expired, and appellee continued its advertising and efforts to sell the house. Meanwhile, the Mills were attempting to sell their own house through appellant, which they later did. When they told appellant they were interested in moving to the upper Thirteenth Street area, he sought to obtain listings there. On September 19, 1968, appellant acquired a 30-day exclusive listing on the Schlossberg home, at a price of $35,000, with a down payment of $5,000. Appellant brought the Mills to see the Schlossberg home on Sep-

tember 20th, and a contract of sale was executed on September 21, 1968, at a price of $34,500. This suit followed when appellant was paid the commission and refused to turn it over to appellee, who claimed the Mills as "its customers."

On the basis of all the evidence the trial court found that: (1) appellant knew the Mills were interested in the Schlossberg property and that appellee previously had an exclusive listing on it, before he obtained his exclusive listing from Mrs. Schlossberg; (2) appellee was the procuring cause of the sale of the Schlossberg home to the Mills; and (3) appellant induced Mrs. Schlossberg to consummate the sale on the basis of terms he suggested. It concluded that since appellee was the procuring cause of the sale, Mrs. Schlossberg breached her contract, under which appellee was entitled to the commission; and that since appellant induced Mrs. Schlossberg to breach the contract with appellee, he was guilty of tortious interference with appellee's contractual rights.

Appellant contends the trial court erred in finding that appellee was the procuring cause of the sale to the Mills, in concluding that appellant tortiously interfered with appellee's contract with Mrs. Schlossberg, and in failing to hold that where there are two competing brokers, the selling broker cannot be compelled to surrender his commission to the other.

■ Whether a broker is the procuring cause of a sale of property is a question of fact. Rieffer v. Hollingsworth, D.C.Mun.App., 52 A.2d 632 (1947). On our review of the record, we cannot say

that the trial court's finding on this question was plainly wrong and, therefore, we must accept it. Freas v. Gitomer, D.C.App., 256 A.2d 573 (1969); D.C.Code 1967, § 17-305(a). Where a broker with a general listing is the procuring cause of a sale of property, and the owner sells to the purchaser procured by the broker, either directly or indirectly through another broker, the owner is liable for the commission which would have been earned by the procuring broker. Dawson v. Norris, D.C. Mun.App., 108 A.2d 538 (1954); Rieffer, supra; Lindquist v. Steele, D.C.Mun.App., 42 A.2d 925 (1945). Cf. Axilbund v. McAllister, 407 Pa. 46, 180 A.2d 244 (1962). If suit is brought against the owner, recovery by the procuring broker would be premised on the owner's breach of the listing agreement.[1]

■ On the other hand, in order to make out a cause of action for tortious interference with contractual rights, the plaintiff must prove a defendant's knowledge of his contract rights and that his contract was in effect, and must show acts by the defendant intended to induce a breach of plaintiff's contract. Deoudes v. G. B. Macke Corp., D.C.Mun.App., 153 A.2d 309, 310–311 (1959). Here the trial court found that appellant induced Mrs. Schlossberg to breach her contract with appellee, knowing appellee had a general listing on the property at the time and that the Mills were interested in it. On the basis of the court's findings, which we cannot say are clearly erroneous, Freas, supra, we believe the trial court was correct

[1]. A broker cannot recover a commission, though he brought the buyer and seller together, in the absence of a contract of employment between him and the buyer (or seller), or acceptance and ratification of his acts by the party to be charged. Axilbund v. McAllister, 407 Pa. 46, 55, 180 A.2d 244, 249 (1962). In the instant case, as is common in such agreements, appellee's listing contract provided, inter alia: "I * * * agree to pay Gitelson

& Neff Associates, Inc. the brokerage commission of 6% on any sale consummated during the period of this exclusive agreement, or on any sale consummated through the efforts of Gitelson & Neff Associates, Inc. in advertising or otherwise offering the property for sale, said commission to be paid whether sale is made by Gitelson & Neff Associates, Inc. myself or any other broker or brokers." (Emphasis added.)

in concluding that there was tortious interference.[2]

For the reasons stated, the judgment is Affirmed.

2. Appellant's contention that the selling broker may not be compelled to surrender his commission to another is without merit.   In Kennedy Realty Co. v. Billings, D.C.Mun.App., 52 A.2d 272 (1947), relied on by appellant for this contention, there was no tortious interference by one broker with the other's contractual rights. *Cf.* Dixon v. Dodd, D.C.Mun.App., 80 A. 2d 282 (1951).