Leon **JOHNSON**, Appellant,

v.

Carrie **JOHNSON**, Appellee.

No. 2561.

Municipal Court of Appeals for the District of Columbia.

Submitted June 6, 1960.

Decided July 19, 1960.

Sol Rothbard, Washington, D. C., for appellant.

John E. Lappin and Robinson Lappin, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee brought this action against her husband for maintenance of herself and their two minor children. At the conclusion of the evidence the trial judge awarded appellee custody of the children and directed that the husband pay fifty dollars a week for their support. He appeals.

Prior to trial, appellee filed a financial statement estimating her total monthly expenses at $301 and her monthly income at $180. Her testimony in part consisted of representations to the effect that the parties had separated as a direct result of eviction due to appellant's failure to pay the rent; that he had left her with numerous bills totaling $600; that appellant's income was ample to support the family; that he had refused to do so; and that she had resorted to, and was dependent upon, public assistance to provide for herself and the children.

Appellant also submitted a financial statement in which he estimated his gross monthly income at $712.83. Of this amount, approximately $312.83 represented income from driving a taxicab, and $400 from operating a trucking business. After subtracting deductions of $175 and monthly expenses of $340, appellant reported a balance of $197.83 as his monthly net income. Appellant does not contest the award of custody but maintains that an allowance of fifty dollars is excessive in view of his financial circumstances and his monthly net income.

It is a fundamental and well-known proposition of law that a court of equity shall be guided by considerations of

fairness and justice while exercising its discretionary powers in the area of maintenance and support. Though seeking to enforce the husband's family obligations and provide needed assistance for his wife and children, the court should, at the same time, remain equally mindful of the husband's welfare and avoid penalizing him by the imposition of harsh financial terms. After carefully reviewing the record, we are convinced that the trial court considered all such factors and that it acted equitably in the instant case. However, should the allowance become unduly burdensome, appellant is, of course, free to seek a suitable adjustment by making a proper showing of changed circumstances.

This court is also constrained from disturbing the trial court's order for the reason that various inconsistencies present in appellant's evidence draw the element of credibility into issue. As one example, we point to appellant's admission on cross-examination that he had omitted from his financial statement the income derived from a customer in his trucking business. In addition, it may be noted that at one stage of the proceedings, appellant's counsel stated that appellant earned seventy dollars a week from his cab; later, appellant himself testified that his income from this source amounted to about thirty dollars a week. No effort was made to explain this discrepancy. It seems hardly necessary to repeat that an appellate tribunal is in no position to weigh the testimony of the witnesses but must accept the trial court's findings with regard to credibility. In view of the foregoing, we affirm.

Affirmed.