Janie PAYTON, Appellant,

v.

Leroy PAYTON, Appellee.

No. 3119.

District of Columbia Court of Appeals.

Argued Jan. 14, 1963.

Decided Feb. 8, 1963.

George C. Dreos, Washington, D. C., for appellant.

Philip Goldstein, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal from a final judgment which, while granting appellant wife a limited divorce, custody of two minor children and counsel fees, omitted any alimony for her. Appellant complains that this omission was an abuse of the trial court's discretion. She also contends that the court erred in fixing inadequate amounts for the support of the children and for legal fees. Another appeal is taken from the action of the trial court in denying, for lack of jurisdiction, the wife's motion, filed some six weeks after the notation of her first appeal to this court, to increase the award for the support of the children.

As we have had occasion to state frequently in the past, the law does not compel an award of support to the wife but leaves it to the discretion of the trial judge whose judgment will not be disturbed except upon a clear showing of abuse. Whether an award should be made and the amount thereof are determined by various factors, including the conduct and the financial situation of the parties. DeSipio v. DeSipio, D.C.Mun.App., 186 A.2d 624; Foley v. Foley, D.C.Mun.App., 184 A.2d 853.

The record reveals a stormy marital relationship for many years, culminating in the final separation of the parties in 1961. Charges, denials and countercharges of violence and physical abuse by both parties, of continuous excessive drinking by both, improper association with persons of the opposite sex, and other allegations of misconduct and discord, filled many pages of testimony before the trial court. Both parties are employed with government agencies, the wife having a bi-weekly take-home pay of $132.10 and the husband $148.-00. Both claim substantial indebtedness.

We did not observe the witnesses or hear their testimony, but in the light of the record as presented to us, we cannot say that the trial judge's omission of any award of alimony to appellant was clearly wrong or that he abused the broad discretion he has in these matters. We are satisfied he weighed and balanced the conflicting and opposing contentions of the parties as to the conduct of each other and took into consideration their respective incomes and obligations.

We have also examined appellant's contention that the amount awarded for the support of the children was inadequate. Although a father has a legal duty to support his children, the court may enforce this obligation only commensurate with his financial ability to pay. Much the same standard is applicable in making an award of counsel fees. We find the court acted equitably under the circumstances of this case in awarding $40 every two weeks for the support of the children and $100 for counsel fees for the wife.

As to the denial of appellant's motion for an increase in the amount previously awarded her for the support of the children, filed after notation of the first appeal to this court, we are in accord with the ruling that the trial judge had lost jurisdiction to act upon it. It is well settled that appellant had no right while prosecuting an appeal in this court to seek a reopening or change of the judgment of the trial court. District of Columbia v. Bosley, D.C.Mun.App., 173 A.2d 218, 220; Morfessis v. Hollywood Credit Clothing Co., D.C. Mun.App., 163 A.2d 825, 827.

Appellant has moved here for allowance of appeal costs, including the cost of the reporter's transcript of testimony in the trial court. Our Rule 41 provides that in cases of affirmance, costs shall be allowed appellee unless otherwise ordered; and in cases of reversal, appellant shall be allowed costs, including the cost of the transcript of the record, taxable in the discretion of the trial court. Here the trial court denied appellant's request to require appellee to

pay for the transcript of the testimony.[1] In view of our disposition of the appeals, we find no abuse and affirm the action of the trial court and also deny appellant any other costs. However, we find appellant should be allowed, and she is hereby granted, the sum of $75 for counsel fees to be paid by appellee for services rendered by appellant's counsel in this court.

Therefore, the judgment entered February 19, 1962, awarding appellant a limited divorce and other relief but omitting alimony is affirmed; the order entered May 14, 1962, denying appellant's motion to increase alimony is affirmed; and appellant's motion filed in this court January 11, 1963, for costs of the appeal and for attorney's fees is overruled in part and granted in part.

It is so ordered.

1. District of Columbia Court of General Sessions, Rule 54(f).