Esther LEIBEL, Appellant,

v.

Leroy LEIBEL, Appellee.

No. 3180.

District of Columbia Court of Appeals.

Argued March 18, 1963.

Decided May 17, 1963.

William W. Ross, Washington, D. C., with whom Murdaugh Stuart Madden, Washington, D. C., was on the brief, for appellant.

Alvin L. Newmyer, Washington, D. C., with whom Alvin L. Newmyer, Jr., Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

Appellant wife brought this action for a divorce, custody of minor children, alimony and "such property to which she is entitled." The trial court granted her the divorce, awarded her custody of the children, granted her alimony, and made division of the property jointly held by her and appellee. She has appealed and, though she assigns numerous claims of error, essentially her appeal is based on the claim that she was not awarded sufficient alimony.

 The amount of alimony to be awarded and the division of jointly held property are matters which are entrusted to the sound judgment of the trial court. In exercising that judgment consideration must be given to all facts and circumstances surrounding the parties and the ultimate decision must be the result of considered judgment. It is an overall judgment, not measured by any yardstick, rule of thumb or mathematical formula. It is not necessary in awarding alimony to a wife that the

trial judge ascertain with accounting accuracy the exact net worth or income of the husband or the exact financial needs of the wife; it is only necessary that the award have a reasonable basis in the evidence. If it has such a basis this court cannot substitute its judgment for that of the trial court.

There may be instances where the award appears to this court to be overgenerous or somewhat meager, but that is not ground for reversal. Of course, we do not mean to say that the judgment of the trial court may be exercised without limitation. It must be based on the record and within the limits of reason. If an award is grossly excessive or manifestly inadequate, or granted upon some erroneous concept of law, we will not hesitate to reverse; but otherwise we will not substitute our judgment in matters which have been entrusted to the trial court.

Our review of the record in the present case convinces us that we should not disturb the judgment of the trial court.

Affirmed.