**Carlyle BUTTS, Appellant,**

v.

**Cynthia McBroom BUTTS, Appellee.**

No. 3241.

District of Columbia Court of Appeals.

Argued June 3, 1963.

Decided June 27, 1963.

---

1. Code 1961, 22–504.

2. Code 1961, 22–403.

Clinton W. Chapman, Washington, D. C., with whom Lawrence E. Smith, Washington, D. C., was on the brief, for appellant.

James H. Raby, Alexandria, Va., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit by the wife for a limited divorce on the ground of cruelty, for alimony, and for a division of the jointly held real property. The trial judge found that the husband was guilty of cruelty and granted the divorce. He also awarded the wife thirty dollars a week as alimony and adjudged the parties tenants in common of the real property. The husband has appealed alleging that there was "no evidence" in the record upon which to predicate the thirty-dollar award, and that the division of the real property was error.

A careful review of the record discloses that the trial judge had before him a monthly income and expense statement by the husband. There was also testimony as to the wife's salary, her living conditions, and the fact that she was expending sums for rent and storage. The award was computed on the net income of the husband and he offered no testimony showing the harshness of the terms imposed. This court has recently stated:

"The amount of alimony to be awarded and the division of jointly held property are matters which are entrusted to the sound judgment of the trial court. In exercising that judgment consideration must be given to all facts and circumstances surrounding the parties and the ultimate decision must be the result of considered judgment. It is an overall judgment, not measured by any yardstick, rule of thumb or mathematical formula. It is not necessary in awarding alimony to a wife that the trial judge ascertain with accounting accuracy the exact net worth or income of the husband or the exact financial needs of the wife; it is only necessary that the award have a reasonable basis in the evidence. If it has such a basis this court can not substitute its judgment for that of the trial court." [1]

We are convinced that the award in this case had a reasonable basis in the evidence. Should the allowance become unduly burdensome, the husband will be free to seek a suitable adjustment by making a proper showing of a change in circumstances. [2]

The other assignment of error is without merit.

Affirmed.

1. Leibel v. Leibel, D.C.App., 190 A.2d 821.

2. Bell v. Bell, D.C.App., 190 A.2d 265 (1963).