**Lewis Henry RUSSELL, Appellant,**

v.

**Vivian V. RUSSELL, Appellee.**

**No. 3508.**

District of Columbia Court of Appeals.

Submitted July 13, 1964.

Decided Aug. 7, 1964.

John A. Shorter, Jr., Washington, D. C., for appellant.

Wesley S. Williams, Washington, D. C., entered an appearance for appellee but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

At the conclusion of this divorce proceeding the mother was awarded custody of the six-year-old female child of the parties while the father was awarded custody of the male children, ages seventeen and fifteen. The sole question on appeal is whether the award of $20 each week for the support of the female child was excessive. The testimony established that the father earned approximately $62 a week.

It is settled that a father has a legal duty to provide for his children and that the measure of that duty is the chil-

dren's needs and the father's financial ability to pay. Schneider v. Schneider, 78 U.S. App.D.C. 383, 385, 141 F.2d 542, 544 (1944). Nevertheless, the father's obligation should only be enforced in a manner commensurate with his financial position. Payton v. Payton, D.C.App., 187 A.2d 899, 900 (1963). As we said in Johnson v. Johnson, D.C.Mun. App., 163 A.2d 127–128 (1960):

> "It is a fundamental and well-known proposition of law that a court of equity shall be guided by considerations of fairness and justice while exercising its discretionary powers in the area of maintenance and support. Though seeking to enforce the husband's family obligations and provide needed assistance for his wife and children, the court should, at the same time, remain equally mindful of the husband's welfare and avoid penalizing him by the imposition of harsh financial terms. * * *"

See also Bell v. Bell, D.C.App., 190 A.2d 265 (1963).

■ Considering the father's financial position and obligations, the award in the case at bar was a generous one. While it approached the limits of the trial court's discretionary power, we cannot say it was unsupported by the record. The needs of a six-year-old child can adequately withstand the test of a twenty-dollar weekly award. However, should this allowance prove unduly burdensome, the father may seek relief by petitioning the court for a suitable adjustment. Bell v. Bell, supra; Johnson v. Johnson, supra; see Butts v. Butts, D.C. App., 192 A.2d 294 (1963).

Affirmed.

HOOD, Chief Judge (dissenting).

I, of course, recognize that the amount a father may be required to pay for the support of his minor child rests largely in the sound discretion of the trial court; but such discretion is not unlimited and any award of support must have some reasonable basis. In my opinion, the award in this case has no reasonable basis and constitutes an abuse of discretion. Here the father's earnings approximate $62 a week and he must provide for himself and his two older children, yet he is ordered to pay $20, nearly one-third of his income, for the support of the youngest child. I can perhaps agree with my colleagues that the "needs of a six-year-old child can adequately withstand the test of a twenty-dollar weekly award," but by the same reasoning the needs of a seventeen-year-old boy and a fifteen-year-old boy can well amount to forty dollars. Having thus taken care of the needs of his three children, the father would be left with $2 a week for his support.

Unfortunately in many cases of this type the needs of the children must be given secondary consideration. Because of the limited earnings of the father, his ability to pay is the primary factor. If he is to contribute anything, he must first earn it; and out of his earnings he must provide the basic necessities of life, at least, for himself. To require this father, who is providing for two of his children, to pay $20 a week, out of his earnings of $62 a week, for support of the third child is, in my opinion, unfair and unreasonable. I think the judgment should be modified by reducing the award from $20 a week to $10 a week, a realistic figure suggested to the trial court by the wife's attorney.