**Henry H. McEACHNIE, Appellant,**

**v.**

**Sarah E. McEACHNIE, Appellee.**

**No. 3803.**

District of Columbia Court of Appeals.

Argued Dec. 20, 1965.

Decided Jan. 19, 1966.

—————◆—————

Thurman L. Dodson, Washington, D. C., for appellant.

Edward F. Willett, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

The questions on appeal are whether the trial judge erred (1) in granting appellee-wife a divorce from appellant-husband on the ground of desertion and denying him a divorce on the same ground; (2) in awarding her $50 a month alimony; and (3) in approving a fee of $350 to the wife's attorney.

After six years of marriage, the parties separated in November 1962. No children were born. More than two years later the husband sought a divorce on the ground of his wife's constructive desertion, contending that her conduct—constant nagging, failure to prepare meals or do his laundry, and the denial of normal sexual relations —forced him to leave the marital abode. She denied these accusations and alleged that their differences were partly mutual and partly his fault. After trial the judge found that appellant had deserted appellee on November 30, 1962, that such desertion had continued without interruption for more than the requisite statutory two-year period, and concluded she was entitled to an absolute divorce.

I. *The Award of Divorce to Appellee.*

Apparently abandoning his charge of desertion, the husband now argues that the marriage deteriorated to the point of non-existence and that both parties acquiesced in the separation.

■ We have ruled that desertion contemplates a voluntary separation of one party from the other, without justification, an intention not to return, and the absence of consent or connivance of the other party.[1] We are satisfied from the record

that the issues as to whether appellant's departure from the marital abode was without justification and without the wife's consent were considered by the trial judge and resolved in her favor on the ground that she was the abandoned spouse and had not consented to the husband's leaving and remaining apart for the statutory period. There was competent evidence to support these findings, and although there was conflict in the testimony surrounding the factual issues, we are without authority to substitute our own views thereon. Finding no error in the award of the divorce to appellee on the ground of appellant's desertion, we affirm it.

II. *The Award of Alimony.*

■ There is no fixed set of rules or formulae for determining permanent alimony and any award must be made only after careful study of the particular facts of each case. Certain primary factors, however, are considered and evaluated in deciding whether alimony should be granted and the amount thereof, such as the duration of the marriage, the ages and health of the parties, their respective financial positions, both past and prospective, the wife's contribution to the family support and property ownership, the needs of the wife and the husband's ability to contribute thereto, and the interest of society generally in preventing her from becoming a public charge.[2] Alimony is not intended as a penalty to be imposed upon the husband nor as compensation to solace the wife for wrongful abandonment by her husband, and her financial situation is a relevant consideration which may limit or even defeat an award.[3] Its objective is to provide reasonable and necessary support to the wife. It

1. Hales v. Hales, D.C.App., 207 A.2d 657 (1965).

2. Quarles v. Quarles, 86 U.S.App.D.C. 41, 179 F.2d 57 (1949); Mazique v. Mazique, D.C.App., 206 A.2d 577 (1965), aff'd D.C.Cir., 356 F.2d 801, January 17, 1966; Cole v. Cole, D.C.App., 193 A.2d 76 (1963).

3. Foley v. Foley, D.C.Mun.App., 184 A. 2d 853 (1962); Johnson v. Johnson, D.C. Mun.App., 163 A.2d 127 (1960); Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 188 F. 2d 31 (1951).

must not be used as a device to divide up the husband's property, or as a means of endowment, or to equalize the wife's income with that of her former husband.[4] Nor does our statute compel an award.[5]

In announcing the finding as to alimony, the trial judge stated, "The amount that she asks by way of alimony I think is quite modest—$50 a month. I think she is entitled to that." There is no evidence to show that the wife required this amount for her support. She testified she "could use" about $50 more per month. The record reflects she obtained all the furniture accumulated during the marriage (except a hi-fi and a bed); that she had a savings account of $123; that she is regularly employed in New York and nets $279.37 a month with expenses totaling $261.11. On the other hand, appellant nets $389 monthly as earnings from two jobs and claims monthly expenses of $461.75

■ We recognize that we may reverse an award of alimony only where the finding is plainly wrong or without substantial evidence to support it.[6] From the record we are constrained to hold that there is no substantial evidentiary basis upon which to award appellee permanent alimony or even to justify having the question reserved for future determination upon a showing of a change of circumstances. There is no existing or reasonably anticipated impairment of the wife's health that now adversely affects her continuing earning capacity. She is not likely to become a public charge. The award of alimony appears to have been predicated only upon the wife's assertion that she "could use" an additional $50 a

month. Such a basis is an erroneous one. Measured by the usual criteria, the record does not justify the award of permanent alimony.

### III. *The Award of Counsel Fees.*

■ The allowance of counsel fees to the wife's attorney for his services, with opportunity given the husband to pay the fee within 120 days, would seem reasonable and supported by the record. We find no abuse of discretion in either the amount of fee approved or the method of payment.

Other errors asserted by appellant have been considered and are found to be without merit. The judgment of the trial court will therefore be affirmed, except as to the award of permanent alimony, which must be reversed.

Appellee has asked for the allowance of counsel fees to cover legal services rendered on her behalf in this court. We find that a reasonable fee for that purpose is $125. Appellant is accordingly directed to pay $125 to Edward F. Willett, Jr., attorney for appellee, in installments as follows: $25 beginning March 1, 1966, and a like amount on April 1, 1966, May 1, 1966, June 1, 1966, and July 1, 1966, until the total fee has been paid.

Affirmed as to granting divorce and counsel fee;

Reversed as to award of alimony;

Additional legal fee of $125 ordered paid by appellant to Edward F. Willett, Jr., for legal services rendered in this court.

---

4. Keleher v. Keleher, 89 U.S.App.D.C. 266, 192 F.2d 601 (1951).

5. D.C.Code, 1961 § 16–912 (Part IV, 1965).

6. DeWitt v. DeWitt, D.C.App., 201 A.2d 527 (1964); Dawson v. Dawson, D.C. App., 193 A.2d 70 (1963); Branch v. Branch, D.C.App., 188 A.2d 346 (1963). See also Hunt v. Hunt, D.C.App., 208 A.2d 731 (1965).