John W. ROBINSON and Mary Lancaster Johnson a/k/a Mary Robinson, Appellants,

v.

Grace C. ROBINSON, Appellee.

No. 5031.

District of Columbia Court of Appeals.

Argued March 2, 1970.

Decided April 21, 1970.

777 (1964); Stovall v. United States, D.C.App., 202 A.2d 390, 391 (1964).

———◆———

Robert L. Smith, Washington, D. C., for appellants.

Stanley Klavan, Rockville, Md., with whom Paul H. Mannes, Rockville, Md., was on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

This appeal attacks the correctness of the trial court's judgment (1) awarding the wife (appellee) maintenance of $300 per month and counsel fee of $650; (2) enjoining the husband and Mrs. Johnson (appellants) each from holding himself out as the other's lawful spouse; and (3) denying the husband's counterclaim for divorce.

A careful examination of the record reveals that the court heard all parties fully, evaluated their credibility, and found that the husband had not been separated from his wife for one year as he claimed. D.C.Code 1967, § 16–904. We are not persuaded to disturb this finding. *See* Johnson v. Johnson, D.C.App., 221 A.2d 85 (1966); D.C. Code 1967, § 17–305(a).

Maintenance and counsel fees are awarded within the broad discretion of the trial court and neither will be disturbed by this court, absent a clear showing of abuse. Foley v. Foley, D.C.Mun.App., 184 A.2d 853 (1962) (maintenance); Mozick v. Mozick, D.C.App., 245 A.2d 643 (1968) (counsel fees); D.C.Code 1967, § 16–916(a). We do not find any abuse of discretion in the award of the $650 counsel fee.

The court found as facts that the parties had been married since December 31, 1937; that the wife is gainfully employed in our school system, taking home $831.57 per month; that she has monthly expenses approximating $1,403.09; that, according to the husband's testimony, the last support was given by him to his wife in either 1967 or June 1968; that there had been no cohabitation between them for many years; that he had a gross annual income of $12,000 from his medical practice; that he receives an additional $515 per month from other sources; that he did not detail his expenses; and that he is able to support his wife although he has refused and failed to do so.

In determining whether to award maintenance and the amount of same, there are certain factors to be considered and evaluated by the trial court, which are similar to those considered and evaluated with regard to alimony. Tibbs v. Tibbs, D.C.App., 223 A.2d 279 (1966). They are:

[T]he duration of the marriage, the ages and health of the parties, their respective financial positions, both past and prospective, the wife's contribution to the family

support and property ownership, the needs of the wife and the husband's ability to contribute thereto, and the interest of society generally in preventing her from becoming a public charge. [Maintenance] is not intended as a penalty to be imposed upon the husband nor as compensation to solace the wife for wrongful abandonment by her husband, and her financial situation is a relevant consideration which may limit or even defeat an award. Its objective is to provide reasonable and necessary support to the wife. * * *

McEachnie v. McEachnie, D.C.App., 216 A.2d 169, 170 (1966) (footnotes omitted).

The above findings, and the conclusions made thereupon, are supported by the record and indicate that the trial court followed the guidelines of *McEachnie* although the award may appear to be generous. However, if the financial situation changes, the parties may apply to the trial court for a modification of its order.

Still to be discussed is that portion of the judgment enjoining the appellee's husband from holding himself out as the lawful husband of Mrs. Johnson and enjoining Mrs. Johnson from holding herself out as the lawful wife of appellee's husband. After thorough consideration of this issue, we reverse that portion of the order.

Nowhere in the complaint did the wife allege, and nowhere in the trial did she offer to prove, that the appellants' mere holding themselves out as husband and wife interfered with any personal or property right of hers, not even those arising out of the contractual relationship of marriage with her husband. "Equity cannot by injunction restrain conduct which merely injures a person's feelings and causes

mental anguish." [1]  *See* Baumann v. Baumann, 250 N.Y. 382, 165 N.E. 819 (1929). *See also* Henley v. Rockett, 243 Ala. 172, 8 So.2d 852 (1942). We will not sustain an attempt to govern appellants' morals by enjoining them from holding themselves out as husband and wife. Therefore, this portion of the order is vacated.[2]

Affirmed in part; vacated in part.

---

1. Etro v. Etro, 212 N.Y.S.2d 577, 579 (Sup.Ct.1961).

2. We note incidentally that the best interests and welfare of appellant's minor children by Mrs. Johnson could very well be adversely affected by this injunction.

In addition, the injunction would be of limited effectiveness because it would not prevent the children from holding appellants out as husband and wife, since the children are not parties to this litigation.