Albert G. MUMMA, Jr., Appellant,

v.

Jean M. MUMMA, Appellee.

No. 5574.

District of Columbia Court of Appeals.

Argued Sept. 19, 1972.

Decided Oct. 13, 1972.

Philip Shinberg, Washington, D. C., for appellant.

Elizabeth C. Guhring, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

This case came before this court originally on an appeal by a husband from certain supplementary provisions included in a judgment granting a wife an absolute divorce. In an opinion 280 A.2d 73, handed down on August 6, 1971, this court modified the judgment in particular respects and remanded the case to the same trial judge to make findings with respect to the husband's net income and to redetermine the amount of alimony, child support, and legal fees and costs, allowable to the wife in light of whatever findings the court should make with regard to the husband's financial condition.

On remand, the trial court referred the case to an auditor, with instructions to ascertain the husband's income and make a report with respect thereto. Such report was submitted to the trial court as a "Report of Special Master", dated May 31, 1972. After further hearing, with all counsel present, the trial court issued an "Order on Remand" which reduced the award for alimony and child support from $700 to $550 per month, reduced the liability of the husband for the wife's counsel fees to the sum of $1,750, and the amount of costs from $500 to $300.

Both parties filed objections to such order in this court, which had retained general jurisdiction over the appeal. The husband contends that even the modified decree is inequitable and harsh in view of the court's findings with respect to his income, while the wife argues that this court should set higher figures for alimony, child support, legal fees and costs.

After consideration of memoranda and arguments of counsel, we find no error or abuse of discretion within its frame of reference to the trial court that would warrant this court modifying the order on remand. Costs on this appeal, including the auditor's fee of $300, shall be borne equally by both parties and insofar as additional counsel fees may have accrued by reason of this appeal, the parties shall be responsible for the payment of their own respective counsel.

Affirmed.