Jack O. BRADT, Appellant,

v.

Gloria C. BRADT, Appellee.

No. 6667.

District of Columbia Court of Appeals.
Submitted Dec. 11, 1972.

Decided Feb. 6, 1973.

Byron K. Welch, Washington, D. C., was on the brief for appellant.

Walter W. Johnson, Jr., Washington, D. C., was on the brief for appellee.

Before KERN, GALLAGHER and PAIR, Associate Judges.

KERN, Associate Judge:

The parties to this appeal were married in 1958 and divorced in 1972 on the ground voluntary separation. Appellant-husband appeals from that part of the judgment of divorce which orders him to pay alimony to appellee in the amount of $900 per month.

■ The trial court in making its determination considered the duration of the marriage, the parties' standard of living based on the husband's 1971 gross income of $67,000 [1] earned as a practicing physician, the future earning prospects of each, the wife's continuing medical problems and her inability to hold a job in "stressful situations", and the financial needs of the wife and the financial obligations of the husband. We cannot say after review of the record that the trial court's award of alimony was plainly wrong or without substantial evidence to support it. McEachnie v. McEachnie, D.C.App., 216 A.2d 169 (1966).

Appellant complains that the trial court erred in taking into consideration on the issue of the amount of alimony the fact that appellant had consented to the entry of an order to pay $850 per month for the support and maintenance of appellee during pendency of the divorce litigation. The record reflects that the trial judge, after considering all the facts we deemed appropriate in *McEachnie* for a court in determining alimony, then commented:

> We have, also, the fact that in June of 1971 the parties signed . . . a consent order for pendente lite support and maintenance. This, to me, was evidence *at that time* the plaintiff [appellant] felt he could make that contribution. . . . (Emphasis added.)

■ Appellant argues that his agreement to pay $850 *pendente lite* was an offer to compromise which was inadmissible and should have been disregarded at the subsequent trial of his divorce action. In the first place, we note that the court was referring to appellant's state of mind as of June *1971* (well before the date of trial in April *1972*) and that such a passing reference appeared to have so little significance at the time that it drew no objection from appellant. Furthermore, the policy considerations against admission into evidence of compromise offers, which we so recently reviewed in Farnum v. Colbert, D.C.App., 293 A.2d 279 (1972), viz., (1) to encourage settlement of disputes without trial and (2) to enable a litigant to buy his peace without fear of future collateral consequences in subsequent litigation with third parties, are not applicable here.

In this case, the payment of alimony "[d]uring the pendency of an action for divorce" is a preliminary step in the statutory scheme governing disposition of marital suits in the District of Columbia [2] and, accordingly, differs from an offer to compromise in order to settle a dispute and *avoid* litigation.

---

1. He estimated his gross income for 1972 would be "somewhat less."

2. D.C.Code 1967, §§ 16–904, 911 and 912.

■ We find appellant's other complaints about the amount of alimony to be without merit [3] and the judgment is

Affirmed.

---

3. Appellant takes issue with (1) the trial court's suggestion, in referring to Green v. Green, D.C.App., 217 A.2d 658 (1966), that some of his monthly expenditures may have been motivated solely by a desire to reduce the income available for support of his divorced wife and (2) the trial court's finding that appellee's present state of health impairs her earning capacity. We do not find these considerations by the court so lacking support in the record as to require overturning the alimony award. Of course, we recognize that in the future conditions may change and review of the alimony order by the trial court would be appropriate. Hamilton v. Hamilton, D.C.App., 247 A. 2d 421 (1968).