DISTRICT OF COLUMBIA, a Municipal
Corporation, Appellant,

v.

Carol King VON SCHRADER, Appellee.

Carol King VON SCHRADER, Appellant,

v.

DISTRICT OF COLUMBIA, a Municipal
Corporation, Appellee.

Nos. 9137, 9138.

District of Columbia Court of Appeals.

Argued June 19, 1975.

Decided Oct. 7, 1975.

Richard G. Amato, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, Washington, D. C., were on the brief, for the District of Columbia.

James R. Atwood, Washington, D. C., for Carol King Von Schrader. Alan H. Goodman and Doris D. Blazek, Washington, D. C., were on the brief for Von Schrader.

Before FICKLING and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

NEBEKER, Associate Judge:

The trial court by summary judgment held the unpaid portion of the retired decedent's contribution to the Federal Civil Service Retirement Fund subject to District of Columbia inheritance taxation.[1] At the same time it viewed the commuted amount of the federal contribution as not subject to such taxation. The District of Columbia appeals from the latter part of the judgment and Mrs. Von Schrader cross-appeals from the decision to assess

---

1. D.C.Code 1973, § 47–1601(a) provides in pertinent part:

   All real property and tangible and intangible personal property, or any interest therein, having its taxable situs in the District of Columbia, transferred from any person who may die seized or possessed thereof, either by will or by law, or by right of survivorship, and all such property, or interest therein, transferred by deed, grant, bargain, gift, or sale (except in cases of a bona fide purchase for full consideration in money or money's .worth), made or intended to take effect in possession or enjoyment after the death of the decedent . . . .

the tax on the unpaid portion of the employee's contribution. We hold that none of the amount in question is subject to inheritance taxation.

Mrs. Carol King Von Schrader is the sole beneficiary of the estate of Atreus Von Schrader. The decedent, a resident of the District of Columbia, retired from federal employment in February 1972, and died six months later. On the date of retirement he began receiving an annuity in accordance with the Civil Service Retirement Act, 5 U.S.C. § 8331 *et seq.* Under the Retirement Act the annuity of a retiring married employee is automatically reduced in order to provide survivor benefits for the spouse should the spouse survive, unless at the time of retirement the retiree affirmatively elects in writing to receive a larger annuity without survival benefits. (5 U.S.C. § 8339.) The decedent did not exercise the available election at the time of his retirement, and his annuity was therefore automatically reduced by operation of the statute in order to provide survivor benefits for his spouse if she survived. After the decedent's retirement the election to receive the larger annuity without survivor benefits was no longer available to him, and the survivor benefits were no longer subject to his control. (5 U.S.C. § 8341.) The District of Columbia levied an inheritance tax of $2,278.36, plus interest, on the full commuted value of Mrs. Von Schrader's survivor annuity.

The trial court determined that only that portion of the survivor annuity attributable to the decedent's contributions and remaining unpaid after the six-month retirement was subject to District of Columbia inheritance tax. It reasoned that the decedent "retain[ed] a sufficient beneficial interest until his death to defeat the claim that he . . . made a completed *inter vivos* transfer".

The language of the statute requires that the decedent must at the time of death have been "seized or possessed" of the property interest in question and that it "transferred" from the decedent at that time. The portion of the statute (on which the District of Columbia relies) dealing with a transfer "to take effect in possession or enjoyment after the death of the decedent" has reference to transfers "by deed, grant, bargain, gift or sale . . . .."[2] This case reveals no such transfer. On the date of the decedent's retirement the property interest irrevocably "transferred . . . by [operation of] law",[3] and only the commuted amount remained to be determined, depending on the contingency of death. Under the federal statutory scheme, survivor benefits for the spouse of a retiring employee are automatically created unless the employee in writing before the date of retirement requests otherwise. Therefore, the decedent did not die "seized or possessed" of the property interest, and the statute does not permit the taxing of any of the commuted amount.

In *Riggs National Bank v. District of Columbia (Estate of Wilson),* District of Columbia Tax Court, No. 1977 (unpublished opinion, October 27, 1966) (and cited by the parties), the court considered a substantially similar issue in connection with a private retirement plan. In holding that the survivor annuity was not subject to inheritance taxes, the court noted that the annuity was not "a transfer which was 'intended to take effect after the death of the decedent' . . . . Nor were the benefits 'property which the decedent . . . retained for his life . . . .' since no part of the annuity to which the decedent was entitled during his lifetime passed to his wife . . . ." *Id.* at 12. In *Wilson* the decedent made an irrevocable election on his retirement date to take a smaller annuity so that there would be survivor benefits for his spouse. At that point, any property interest the decedent may have had in the survivor annuity ter-

2. D.C.Code 1973, § 47–1601(a).

3. *Id.*

minated. Thus, any transfer of property from the decedent took effect on the date of his retirement, not on the date of his death. This case, like *Wilson,* presents an irrevocable election to provide for survivor annuity. We adopt its rationale.

The trial court, in viewing the survivor annuity as being composed of two parts—one portion contributed by the government, and the other portion by deductions from the decedent's taxable income—reasoned that the employee retained a beneficial interest in the funds and did not make an *inter vivos* gift to his wife as of the date of his retirement. We disagree. The trial court relied on *Commissioner v. Estate of Church,* 335 U.S. 632, 69 S.Ct. 322, 93 L. Ed. 288 (1949), and *Chase National Bank v. United States,* 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405 (1929), in determining that a completed *inter vivos* gift had not occurred because the decedent in effect possessed the property. In *Estate of Church,* the Supreme Court analyzed the concept of possession and concluded that a settlor does not possess property where there is "no present legal title in the property, no possible reversionary interest in that title, and no right to possess or to enjoy the property then or thereafter." 335 U.S. at 645, 69 S.Ct. at 329. Accordingly, the *Estate of Church* case does not support the trial judge's conclusion, but is to the contrary.

Although the decedent's contributions were taken from his taxable income, he had no choice as to the contributions. He was forced, as a condition of government employment, to make the contributions. His only control over that money was to designate a beneficiary should he and his spouse die before they recouped the private contributions (5 U.S.C. § 8342). In the event that the decedent's contributions were not recovered by an equal amount of annuity payments, the remainder would vest in a designated beneficiary or in his estate. In view of the decedent's limited right over the private portion of the annui-

ty, it cannot be considered property of which he died possessed and subject to the District of Columbia inheritance tax statutes.

Accordingly, we reverse that part of the trial court judgment holding the employee's contributed portion of the survivor annuity subject to District of Columbia inheritance tax, and we affirm that part of the judgment holding the commuted amount of the federal contribution not subject to inheritance taxation.

*Reversed in part and affirmed in part.*