Charles Clifford FINCH, Appellant,

v.

Sara Lee FINCH, Appellee.

Sara Lee FINCH, Appellant,

v.

Charles Clifford FINCH, Appellee.

Nos. 11460 and 11475.

District of Columbia Court of Appeals.

Argued June 7, 1977.

Decided Oct. 6, 1977.

A. Slater Clarke, Washington, D. C., with whom Robert W. Rifkin, Washington, D. C., was on the brief, for appellant in No. 11460 and for appellee in No. 11475.

Patricia J. Barry, Washington, D. C., for appellee in No. 11460 and for appellant in

No. 11475. Sara Deane (Finch) filed a brief pro se.

Margaret Gates and Lea Giarrusso filed a brief on behalf of the Women's Equity Action League Educational and Legal Defense Fund as amicus curiae.

Before KELLY and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

By an Order and Judgment entered in the Family Division of the Superior Court, Sara Lee Finch (the wife) was awarded an absolute divorce from Charles Clifford Finch (the husband). Challenging provisions of the Order that affected adversely their respective interests, both parties appealed.

In pertinent part, the Order (1) required the husband to pay the wife, as alimony, $338.00 monthly; (2) denied the wife a share of the husband's Foreign Service Annuity as her separate property; (3) awarded the parties an "equal 50 percent interest" in jointly owned real property at 4614 Reno Road, N.W. in the District of Columbia, but reserved to the wife for a period of three years from the date of the Order, the exclusive right of possession and use; (4) declared a 50 percent interest in jointly owned real property in Morgan County, West Virginia; and (5) required the husband to pay the wife ". . . as and for his contribution for the professional services of her counsel, Patricia J. Barry, the sum of $1,750.00 for which [the wife] shall have judgment. . . ."

### The Husband's Appeal

On this appeal, it is contended first that the award of $338.00 monthly as alimony was an abuse of discretion. The husband urges in this connection that, pursuant to an existing support order, he was required to pay the wife $300.00 monthly for her separate maintenance and that she had made no showing of a material change in conditions and circumstances sufficient to warrant the payment of an additional $38.00 a month.

In our view, it is immaterial whether the award of $338.00 monthly be treated as an original award of alimony or as an enlargement of the support Order since, in either event, the award is supported by the record. The trial court found from substantial evidence that the wife's need for support was $338.00 per month, representing the difference between her monthly expenses of $1,076.36 and her monthly income, including the separate maintenance award of $300.00.

It is settled law in this jurisdiction that the award of alimony is a matter committed to the sound discretion of the trial court. See *Smith v. Smith*, D.C.App., 344 A.2d 221 (1975); *Bradt v. Bradt*, D.C.App., 300 A.2d 445 (1973); *Mumma v. Mumma*, D.C.App., 280 A.2d 73 (1971), aff'd on remand, 295 A.2d 898 (1972); *Lyons v. Lyons*, D.C.App., 295 A.2d 903 (1972); *Leibel v. Leibel*, D.C. App., 190 A.2d 821 (1963). See also D.C. Code 1973, § 17–305(a). This court, therefore, may disturb the award only upon the showing of an abuse of discretion, and we have found none.

Turning to the disposition of the Reno Road property, we note that the husband does not contest the trial court's award of a 50 percent interest to each of the parties.[1] He insists, however, that having made such an award, the trial court was without jurisdiction to postpone for a period of three years his enjoyment of his property right. As authority for this proposition, reliance is placed upon *Wheeler v. Wheeler*, 88 U.S.App.D.C. 193, 188 F.2d 31 (1951). But that case is inapposite. It holds simply that absent a showing of some right of ownership, legal or equitable, one spouse may not be awarded an interest in property owned exclusively by the other spouse.

The *Wheeler* court recognized, id. at 194, 188 F.2d at 32, as has this court in many decisions, that in divorce cases the trial court has broad discretion to award or ap-

---

1. D.C.Code 1973, § 16–910.

portion property held during the marriage as tenants by the entirety ". . . in such manner as shall seem equitable, just, and reasonable." *See* D.C.Code 1973, § 16–910. *See also Mumma v. Mumma, supra*; *Lyons v. Lyons, supra. Lee v. Lee*, D.C. App., 290 A.2d 388 (1972), is clearly distinguishable because there the court's unequal distribution of jointly owned real property was inconsistent with the express agreement of the parties to pool all their resources and share them equally.

We conclude that the apportionment in this case was "equitable, just, and reasonable." While it was the wife who benefited by the award of a three-year tenancy, she was required to assume sole responsibility for the payment of "incumbrances, taxes, insurance, and maintenance" of the property—financial obligations which, but for the court's order, the husband would have been required to share with the wife during the three-year period.

Moreover, we have held in analogous factual situations that it was not an abuse of discretion to award the divorced wife sole title to jointly owned real property when the record shows that she ". . . contributed to the purchase of their house out of her funds . . ." even though she was not the major contributor. *See Campbell v. Campbell*, D.C.App., 353 A.2d 276, 279 (1976); *Grasty v. Grasty*, D.C.App., 302 A.2d 218, 219 (1973).

■■■■ The husband's final contention is that the trial court's award of $1,750.00 as attorney's fees was excessive. Generally, the award of attorney's fees, like the award of alimony, is committed to the sound discretion of the trial court and will not be disturbed by this court unless that discretion has been abused. *Mumma v. Mumma, supra*; *Lyons v. Lyons, supra*, and *Ritz v. Ritz*, D.C.App., 197 A.2d 155 (1964).

Here, however, the attorney's fees awarded were almost two times the amount requested by the wife. *See and compare Wood v. Wood*, D.C.App., 360 A.2d 488, 492

(1976). No doubt the trial court was influenced by the itemized statement of legal services set forth in counsel's supporting affidavit. Nevertheless, we find it unnecessary at this time to make a judgment as to whether the trial court did or did not abuse its discretion in making the award.

It appears from counsel's verified, itemized statement that some of the legal services for which she was awarded compensation were rendered prior to her admission to practice law in this jurisdiction.[2] *See* D.C. App.R. 46 II(b)(1). Under the circumstances, we must vacate so much of the trial court's Order as awarded the wife attorney's fees, and remand for reconsideration in light of this part of the opinion. *Wood v. Wood, supra* at 492.

### The Wife's Appeal

■■■■ The wife claims that the trial court erred in denying her a share of the husband's Foreign Service Annuity as her separate property. She urges that the court ignored ". . . prevailing trends in non-community property as well as community property states . . ." and ignored also the "natural and legal obligation of a husband to support a wife as continuing beyond divorce." We notice at the outset that any right to a Foreign Service Annuity is controlled by the Foreign Service Act of 1946, as amended, 22 U.S.C.A. § 1076, which reads in pertinent part:

(b)(1) Unless elected in writing to the contrary at the time of retirement, any married participant shall receive a reduced annuity and provide a maximum survivor annuity for his or her spouse. Such a participant's annuity or any portion thereof designated in writing by the participant as the base for the survivor benefit shall be reduced by 2½ per centum of the first $3,600 plus 10 per centum of any amount over $3,600. If an annuitant entitled to receive a reduced annuity under this subsection dies and is survived

---

2. The court will, of course, notice its own records which show that counsel was admitted to practice April 21, 1976, more than three months after she filed the complaint and rendered other services in connection therewith.

by a spouse, a survivor annuity shall be paid to the surviving spouse equal to 55 per centum of the full amount of the participant's annuity computed under subsection (a) of this section, or by 55 per centum of any lesser amount the annuitant designated at the time of retirement as the base for the survivor benefit.

(2) An annuity payable from the Fund to a surviving spouse shall commence on the day after the annuitant dies and shall terminate on the last day of the month before the survivor's (A) remarriage prior to attaining age sixty, or (B) death. If a survivor annuity is terminated because of remarriage under clause (A) above, it shall be restored at the same rate commencing on the date such remarriage is terminated provided any lump sum paid upon termination of the annuity is returned to the Fund. [As amended July 12, 1976, Pub.L. 94–350, Title V, § 505, 90 Stat. 837.]

In *Warner v. United States*, 301 F.2d 327, 157 Ct.Cl. 1 (1962), a case involving the construction of the provisions of the Foreign Service Act quoted above, the question presented was whether the termination of a marriage by divorce could be equated with the termination of a marriage by death. In answering the question in the affirmative, the court pointed out that after the divorce in that case there was no longer a wife and therefore upon the death of the annuitant, there could not be a surviving spouse for purposes of the survivorship portion of the Foreign Service Act. 22 U.S.C.A. § 1076(b)(2).

So it is in the case at bar. A court of competent jurisdiction has determined that the marriage of the parties no longer exists. It is, therefore, too clear for further discussion that the husband did not have, subsequent to the divorce, a wife who, upon his death, would be an eligible recipient of the survivorship portion of his Foreign Service Annuity.[3]

We have examined *Audubon v. Shufeldt*, 181 U.S. 575, 577, 21 S.Ct. 735, 45 L.Ed. 1009 (1901), upon which the wife bases her claim, and find it distinguishable. All that it held was that a discharge in bankruptcy did not bar the claim of a divorced wife for alimony in arrears. Here, we have no such claim.

Finally, and in further support of the result which must follow, we note in passing that a constitutional attack against the different treatment afforded married and divorced spouses under another federal statute was recently resolved by a unanimous decision of the United States Supreme Court in *Mathews v. de Castro*, 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976). There, the Court found no Fifth Amendment due process or equal protection infirmity in the statutory classifications of the Social Security Act, 42 U.S.C. § 402(b)(1) (1970 ed. and Supp. V), which disentitled certain categories of divorced spouses from the insurance benefits they could have claimed before divorce.

For the foregoing reasons, we conclude that the trial court did not err in denying the wife's claim to a share in the annuity. Accordingly, we affirm the trial court's award of alimony, its apportionment of the Reno Road residence, and its denial of the wife's claim to a share in the husband's annuity. We vacate the trial court's award of attorney's fees and remand for a determination of the appropriate fee in a manner consistent with this opinion.

*Affirmed in part and remanded with directions.*

---

**3.** Although no prior decisions of this court disposing of claims under the Foreign Service Act have been brought to our attention, *see generally District of Columbia v. Von Schrader*, D.C. App., 345 A.2d 475 (1975), where this court determined a property interest in an unpaid survivor annuity under the federal Civil Service Retirement Act, 5 U.S.C. § 8331 *et seq.*