**J. Blaise deSIBOUR, Jr., Appellant,**

v.

**Catherine B. deSIBOUR, Appellee.**

Nos. 83–282, 83–488.

District of Columbia Court of Appeals.

Argued May 2, 1984.

Decided June 25, 1984.

Before NEBEKER, MACK and BELSON, Associate Judges.

**ORDER**

Following settlement negotiations, the trial court entered a judgment of absolute divorce between the parties on June 6, 1982. No agreement, however, was reached with respect to appellee's prayer for attorneys' fees and costs. In the event of continuing conflict, the trial court instructed the parties to file appropriate motions specifying the relief to which each was entitled. On September 1, 1982, appellee filed such a motion with the court in which she requested fifty-two thousand three hundred and ninety dollars and eighty-three cents ($52,390.83) as an award of attorneys' fees and costs. Extensive itemized bills were appended to her motion. In response, appellant filed a motion on September 13, 1982 seeking an extension of time in which to file his motion in opposition to appellee's requested award. The court took no action upon appellant's motion or upon appellee's subsequent motions until it signed an order on December 14, 1982 denying appellant's request for an extension of time in which to file his opposition. No explanation was given for the court's ruling. It is to be noted, however, that during this interim, appellant made no inquiry as to the status of his motion for an extension and failed to prepare his opposition by the time indicated in his motion papers. Thereafter, on December 16, 1982, the court issued a second order which directed appellant to pay in full the award for attorneys' fees and costs submitted by appellee. Appellant's efforts before the trial court to obtain reconsideration of this order were fruitless. We note that the magnitude of the award in an action for divorce is without precedent in cases reported in this jurisdiction. *See, e.g., Darling v. Darling,* 444 A.2d 20, 23 (D.C.1982); *Turpin v. Turpin,* 403 A.2d 1144, 1147

(D.C.1979); *Finch v. Finch,* 378 A.2d 1092, 1094 (D.C.1977); *Grasty v. Grasty,* 302 A.2d 218, 220–21 (D.C.1973).

After consideration of the records, briefs, and oral argument had on these consolidated appeals, and it appearing that appellant, in the course of divorce proceedings in the trial court 1) filed a timely motion for an extension of time within which to file an opposition to appellee's motion for an award of attorneys' fees and 2) indicated both orally and in writing his desire for a hearing upon the question of such fees; we hold that the trial court erred in entering an order awarding substantial attorneys' fees to appellee without affording appellant the benefit of a hearing and without making findings and conclusions with respect thereto.

Accordingly, the trial court's order of December 16, 1982 awarding attorneys' fees, its February 9, 1983 order denying appellant's motion to vacate the December 16th order, and its March 30, 1983 money judgment based upon the December 16, 1982 fee award, are vacated. The case is remanded for appropriate hearing. *See Ritz v. Ritz,* 197 A.2d 155, 156–57 (D.C. 1964).

*Vacated and remanded.*