**Ellen Opper WEINER, Appellant,**

v.

**Lee Joel WEINER, Appellee.**

No. 90–1574.

District of Columbia Court of Appeals.

Argued Dec. 3, 1991.
Decided March 17, 1992.

Stephen A. Friedman, for appellant.

Barton D. Moorstein, Rockville, Md., for appellee.

Before TERRY and KING, Associate Judges, and PRYOR, Senior Judge.

TERRY, Associate Judge:

This is an appeal from a judgment of absolute divorce. In its final order, the trial court awarded the parties joint custody of their three children, denied the wife's request for alimony, and provided for the distribution of marital property. On appeal the wife challenges the trial court's denial of alimony, its application of the Child Support Guideline, and its distribution of certain property to the husband. We reject her claims of error and affirm the judgment.

I

Appellant (the wife) has a master's degree in social work and has worked as a consultant to various companies and government agencies, both before and during her marriage. At the time of trial, however, she was unemployed. Appellee (the husband) has two master's degrees and a Ph.D. in social work. At the time of trial, he was employed in New York at an annual salary of approximately $83,500.

The parties were married in 1975 and moved to the District of Columbia in 1978, where they rented a home. In 1980 they began looking for a house to purchase, and eventually they found a suitable one in the Capitol Hill area. When they were unable

to obtain a loan to buy it, the wife's father bought it for them. The parties then lived in the house and paid rent of $660 per month to the wife's father. In 1988 the wife's father executed a deed conveying the house to his daughter, although the parties jointly executed a promissory note and deed of trust to cover the cost of the transfer. The trial court found that this house was marital property and awarded absolute title to the wife. She still lives there with the parties' three children.

During the marriage, the parties formed a small consulting business, Weiner, Jennings & Vane, Inc. The business was jointly run by the husband and wife and operated out of their home. This arrangement gave them approximately equal shares in the business and also involved them equally in the care of the children. The income produced by the consulting business, however, was not sufficient for them to maintain their middle-class life style. As a result, the wife's family made frequent contributions to the parties in the form of cash payments, gifts, and the like.[1] Weiner, Jennings & Vane, while still nominally in existence, was apparently not generating any income at the time of trial.

In 1988 the husband received an offer of employment in New York, which he accepted, along with the resulting relocation, as a means of providing more money for his family. At first the parties made plans to move the entire family to the New York area. Soon after the husband began working in New York, however, these plans were abandoned. The husband continued to support the family, but in increasingly smaller monthly amounts. Because the wife had not found employment at the time of trial, the family had incurred a great deal of debt for the children's medical, dental, and educational expenses.

The trial court, applying the District of Columbia Child Support Guideline,[2] ordered the husband to pay $2,372 per month to the wife in child support, but it awarded her no alimony. The parties' marital property was awarded exclusively to the wife, including the family home and an automobile which had been purchased in part with marital funds. The court assigned each party a portion of the family's debts, mainly in accordance with a pre-existing agreement of the parties with respect to those debts. The husband's separate property was identified and awarded to him, including some art work and other personal effects which were still in the family home.

## II

In divorce actions, our review is limited to determining whether there was substantial evidence to support the trial court's findings. *E.g., Stolar v. Stolar,* 261 A.2d 238, 239 (D.C.1970). If there is, we must affirm the challenged decision. The record in this case amply sustains the trial court's findings regarding alimony and child support. The wife's challenge to the court's distribution of property is not properly before this court because it was not made below.

### A. *Alimony*

Decisions respecting the grant or denial of alimony "are committed to the sound discretion of the trial court and will be disturbed on appeal only when the record manifests abuse of that discretion." *McCree v. McCree,* 464 A.2d 922, 932 (D.C. 1983). In exercising that discretion, the trial court should consider certain primary factors, including "the duration of the marriage, the ages and health of the parties, their respective financial positions, both past and prospective, the wife's contribution to the family support and property ownership, the needs of the wife and the husband's ability to contribute thereto, and the interest of society generally in preventing her from becoming a public charge." *McEachnie v. McEachnie,* 216 A.2d 169, 170 (D.C.1966); *see McCree, supra,* 464 A.2d at 932. The court must also take into

1. The wife's family also covered many of the children's expenses, including their private school tuition. The trial court found that the parties' middle-class life style during their mar-

riage "was supported only as a result of gifts from [the wife's] father."

2. D.C.Code § 16–916.1 (1991 Supp.).

account both the current and the prospective income of each of the parties: "consideration of the wife's prospective economic condition '[is] entirely proper' in determining the amount of alimony." *Joel v. Joel,* 559 A.2d 769, 771 (D.C.1989), citing *King v. King,* 286 A.2d 234, 238 (D.C.1972).

■ The trial court's findings of fact in this case reflect consideration of all the *McEachnie* factors. The court's judgment specifically refers to the ages, health, current financial status and needs, and respective contributions of both parties to the marital property. It also focuses on the wife's employability, remarking that the wife "is in good health and she is of a relatively young age to enable her to obtain another start in the business world." The husband's financial situation is also considered. The court noted the high cost of living in New York, transportation costs for visitation with his children, and other incidental expenses in concluding that "the husband is unable to pay alimony." However, the court awarded the wife all of the marital property, including a valuable home and a one-year-old automobile, "in lieu of" alimony. Since the record is full of evidence to support this equitable conclusion, we affirm the trial court's denial of alimony.[3]

### B. *Child Support*

■ The one novel aspect of this otherwise unremarkable case (and the only reason for our issuing a published opinion) concerns the application of the Child Support Guideline, D.C.Code § 16–916.1 (1991 Supp.). The Guideline was enacted into law as a statute in 1990, following this court's invalidation of an earlier guideline which had been promulgated by a court rule. *Fitzgerald v. Fitzgerald,* 566 A.2d 719 (D.C.1989); *see J.A.W. v. D.M.E.,* 591 A.2d 844, 846–847 & n. 2 (D.C.1991). This court has not yet addressed the question of what standard it will apply in reviewing challenges to trial court applications of the

new Guideline. In answering that question, we find strong hints in a comment to a trial court rule and in a handful of cases that such determinations should be disturbed only upon a showing of abuse of discretion. Following those hints, and recognizing that trial courts have long been held to have broad discretion in making child support decisions, we now hold that an award of such support under the new Guideline shall not be disturbed unless the trial court has abused its discretion in making the award.

The comment following the Superior Court rule granting hearing commissioners the power to apply the Guideline reads in part as follows:

> The standard of review of a hearing commissioner's decision ... is the same as applied by the Court of Appeals on appeal of a judgment or order of the Superior Court. In accordance with that standard, a hearing commissioner's judgment or order may not be set aside except for errors of law unless it appears that the judgment or order is plainly wrong, without evidence to support it, or an abuse of discretion.

Comment to Super.Ct.Fam.Div.General Rule D. This language plainly reflects the drafters' intention that the trial court review applications of the Guideline by hearing commissioners only for abuse of discretion or a clear lack of evidentiary support. *Cf.* D.C.Code § 17–305(a) (1989) (in nonjury cases, this court may not set aside a trial court judgment "unless it appears that the judgment is plainly wrong or without evidence to support it"). While Rule D applies only to the decisions of hearing commissioners, its deference to the initial factfinder is entirely appropriate in a case (such as this) in which a Superior Court judge is the one who initially applies the Guideline.

In the few cases which have involved challenges to awards under the previous

---

**3.** The wife cites *Bradt v. Bradt,* 300 A.2d 445 (D.C.1973), for the proposition that a court should award alimony to sustain a family's standard of living when one spouse's income far exceeds that of the other. In *Bradt,* however, the wife who was awarded alimony was unable to hold a job in "stressful situations." Because the wife in this case has not demonstrated a similar inability, the *Bradt* case is inapposite here.

guideline, an abuse of discretion standard has been applied without comment. *See A.S. v. District of Columbia ex rel. B.R.,* 593 A.2d 646, 648 (D.C.1991); *W.M. v. D.S.C.,* 591 A.2d 837, 841–842 (D.C.1991); *Minor v. Robinson,* 117 Daily Wash. L.Rptr. 1749, 1752 (D.C.Super.Ct. July 14, 1989) (citing Comment to Rule D). This court also reviewed child support awards under an abuse of discretion standard before the adoption of any guideline. *See S.A. v. M.A.,* 531 A.2d 1246, 1256 (D.C. 1987). Moreover, the wife concedes in her brief that the trial court "is given discretion" to apply the Guideline. In short, the parties and the limited available authority are all in agreement, and so are we, that this court should reverse a trial court's application of the Guideline only if the trial court abused its discretion.

■ The wife does not dispute that the Guideline should apply in this case.[4] She argues, however, that under D.C.Code § 16–916.1(m)(4) (1991 Supp.) the court should have added three percent to its award because the children have "moderately more than average needs."[5] The trial court's findings do reflect the financial obligations resulting from the medical and dental needs of the children. But they also reflect that the husband has agreed to share at least some of those expenses, as well as a tuition bill which was owed at the time of trial. These findings reflect a careful consideration of the needs of the children; they do not demonstrate an abuse of discretion. As a result, we sustain the trial court's application of the Child Support Guideline.

## C. *Distribution of Property*

■ In assigning rights to marital property, a trial court must consider certain factors. These factors are delineated in D.C.Code § 16–910(b) (1989) and closely parallel the *McEachnie* factors regarding alimony.[6] The wife claims that the trial court failed to analyze these factors in distributing the parties' property. She specifically contends, with regard to the husband's separate property, that the court simply adopted the husband's proposed findings of fact despite a lack of evidence about that property at trial.

The wife's claim of error founders on the fact that she did not object below to either the husband's proposed findings or the court's findings of fact; she offers her challenge for the first time on appeal. Regardless of the potential merit of the wife's claim, her failure to raise it below bars us from considering it here. "Questions not properly raised and preserved during the proceedings under examination ... will normally be spurned on appeal." *Miller v. Avirom,* 127 U.S.App.D.C. 367, 369–370, 384 F.2d 319, 321–322 (1967) (citations omitted). Only in "exceptional situations" will this court adjudicate matters not properly preserved at trial. *Id.* Since the wife has not demonstrated that this case presents

---

**4.** The trial court awarded the wife $2,372 per month in child support. That figure reflects the correct computation under the Guideline, given the parties' respective financial situations and the ages of the children.

**5.** D.C.Code § 16–916.1(m) gives the trial court discretion to increase or decrease the Guideline award by an amount up to three percent if:

(1) A child has regular and substantial income that can be used for child support without impairment of the child's current or future education;

(2) The noncustodial parent has special needs that *require additional subsistence cost;*

(3) The noncustodial parent pays for certain expensive necessities for the child, such as tuition or orthodontia;

(4) *The child has moderately more than* average needs;

(5) High child care costs are involved; [or]

(6) There is no medical insurance coverage....

**6.** These factors include:

the duration of the marriage, any prior marriage of either party, the age, health, occupation, amount and sources of income, vocational skills, employability, assets, debts, and needs of each of the parties, provisions for the custody of minor children, whether the distribution is in lieu of or in addition to maintenance, and the opportunity of each for future acquisition of assets and income. The court shall also consider each party's contribution to the acquisition, preservation, appreciation, dissipation or depreciation in value of the assets subject to distribution under this subsection, and each party's contribution as a homemaker *or to the family unit.*

D.C.Code § 16–910(b) (1989).

such exceptional circumstances, we decline to consider her challenge to the trial court's findings of fact concerning the art work awarded to the husband.[7]

The judgment of the trial court is in all respects

*Affirmed.*

---

**7.** We note that the wife may seek relief from this portion of the trial judge's final judgment under Super.Ct.Dom.Rel.R. 60 if she has grounds for doing so, provided such relief is not time-barred.